UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-338-H

SHARON RAMAGE                                                                                          PLAINTIFF

V.

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                                                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The Louisville Metro Police Department ("LMPD") has moved for reconsideration of the Court's Memorandum Opinion and Order dated June 28, 2010, which sustained much of the LMPD's Motion for Summary Judgment, but denied it in part. In essence, LMPD claims that the Court did not understand the nature of its summary judgment motion. In particular, it suggests that the Court was not aware of the fact that it moved for summary judgment on the entire municipal liability claim. As the Court will explain, notwithstanding some confusing language in its opinion, it did understand the motion.

LMPD sought dismissal of the complaint in its entirety, including Ramage's claim that the LMPD is subject to municipal liability under §1983 for allegedly conducting an unconstitutional search of her property. When the Court stated that the LMPD did not "seek summary judgment on the basis that the SWAT team's actions were constitutionally reasonable as a matter of law," it sought to clarify the basis upon which LMPD sought dismissal of Ramage's municipal liability claim. Because LMPD sought dismissal of Ramage's §1983 municipal liability claim on the grounds that she failed to establish a policy or custom, the Court had no need to address the constitutional question. LMPD's confusion may arise from footnote

two which is not a model of clarity. Despite the language in the third sentence of the footnote, the Court did analyze both elements relevant to LMPD's potential liability. The Court assessed the relationship between the SWAT team members' actions and an established custom or policy as well as the constitutionality of the SWAT team members' actions.

Another source of likely confusion is the apparent incongruence between (1) the Court's finding of an official policy and (2) its finding that so many specific actions do not exceed constitutional limits. No doubt, these findings do significantly limit the viability of Plaintiff's claim. However, some disputed facts remain which could form the basis for a claim. There may be evidence that (1) the police did not announce their entry; (2) the police unnecessarily destroyed private property during their search; and (3) that the totality of the circumstances violated Plaintiff's constitutional rights. The latter argument seems quite unlikely to succeed at this point, though without hearing the evidence the Court cannot yet preclude it.

Consequently, the Court continues to believe that genuine issues of material fact are unresolved as to the constitutionality of the SWAT team members' actions and the relationship between those actions and an established custom or policy.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that LMPD's Motion to Reconsider is DENIED. A jury trial has been set for January 5, 2011.

cc: Counsel of Record