UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**
VANESSA L. ARMSTRONG, CLERK

JUL 22 2011

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

CIVIL ACTION NO. 3:08-CV-338-H

SHARON RAMAGE                                                          PLAINTIFF

V.

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                                    DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to give you instructions on the law applicable to this case.

It is your duty as jurors to follow the law stated in the instructions, and to apply it to the facts you find from the evidence. Do not single out one instruction alone as stating the law. Rather, consider the instructions as a whole. Do not let the wisdom of any rule of law concern you. You must apply the law in these instructions whether you agree with it or not.

Your primary duty is to determine the facts. In so doing, you must consider only the evidence I have admitted. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments of the lawyers are not evidence. What the lawyers have said is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified according to your own common sense.

By telling you to consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the

credibility or believability of each witness and the weight to be given their testimony. You may measure the credibility of any witness by considering their demeanor on the witness-stand, their frankness or lack of it, and their interest in the outcome of the case, if any.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness said or did something, or failed to say or do something, at some other time, which is inconsistent with the witness' present testimony. If you believe any witness has been impeached, and thus discredited, you may determine the weight, if any, to give to their testimony.

The number of witnesses testifying as to the existence or nonexistence of any fact does not, necessarily, determine the weight of the evidence. The quality and credibility of the evidence is usually more important in your deliberations.

In this case, the plaintiff must persuade you that her claim is more likely true than not. If the plaintiff fails to persuade you on every essential element of her claim, then you should find for the defendant on that claim.

# INSTRUCTION NO. 1

The plaintiff brought this action under 42 U.S.C. § 1983, which creates a federal remedy for persons who are deprived of the rights secured by the United States Constitution and federal statutes by state officials. To establish a claim under Section 1983, the plaintiff must prove each of the following three elements:

**First**, that the defendant's employees were acting under color of state law. Here, I instruct you that the acts of the defendant's employees during the search occurred under color of state law.

**Second**, that the defendant's employees intentionally deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, in particular that the defendant's employees violated her Fourth Amendment rights by conducting an unlawful entry of her home.

The Constitution requires police officers to "knock and announce" their presence prior to forcibly entering the residence. The purposes of the knock and announce rule are to: 1) reduce the potential for violence; 2) diminish the destruction of property; and 3) serve as a recognition of the individual's right to privacy in his or her house. Here, plaintiff's only remaining claim is that they violated the knock and announce rule by executing it in such a way that negated its purposes.

In this case to determine whether a violation of the knock and announce rule occurred, you may only consider two things: 1) the closeness in time between the use of the flashbang device and a knock and announce; and 2) the closeness in time between the entrances in the front and back of the plaintiff's home and a knock and announce.

3

It is important to remember that you are only deciding whether the entry method was unlawful due to an ineffective knock and announce, not whether the officers had a valid search warrant. The defendant has established that the officers had a right to search plaintiff's property under a valid search warrant. The use of the SWAT matrix, the decision to use the SWAT team itself and the events which occurred after the entry are not directly relevant to the remaining claim. None of those things constitute constitutional violations here. Also, whether the police officers could have used less intrusive means of conducting their search is not an issue for you to consider in this case.

Also regarding the second element, as for the state of mind of the officers, an act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. Intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

**Third**, that the acts of the defendant's employees were the proximate cause of plaintiff's harm. An act is a proximate cause of harm if it was a substantial factor in bringing about that harm, and if the harm was a reasonably foreseeable consequence of the defendant's act.

If you find that the plaintiff has proved each of the three elements then you must proceed to Instruction No. 2. If, on the other hand, you find that the plaintiff has failed to prove any of these elements, you must return a verdict for the defendant.

If you find for the defendant, sign the Verdict Form and notify the Court Officer that you have reached a verdict.

# INSTRUCTION NO. 2

The fact that the defendant's employees deprived the plaintiff of a federal right is not alone a sufficient basis for holding the defendant liable. Before you can hold the defendant liable, the plaintiff must establish that it is more likely true than not that the actions of the defendant's employees that deprived her of her federal right were the result either of an official policy of the defendant or a custom of the defendant that was in place even though such a custom had not necessarily received formal approval through the defendant's official decision-making channels.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant.

"Custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant. Here, you must find that the defendant had a policy or custom of 'knocking and announcing," using the flashbang device and/or entering a residence from the front and the rear, in a close proximity of time to effect service of a search warrant.

If you find that the defendant's employees acted as a result of an official policy or custom, you must return a verdict for the plaintiff and proceed to Instruction No. 3.

## INSTRUCTION NO. 3

If the plaintiff has proved all three elements of her Section 1983 claim and established the existence of a policy or custom, then you must award her a sum of money that you believe will fairly and justly compensate her for the harm you believe she actually sustained as a proximate result of the defendant's misconduct. Plaintiff must prove that it is more likely than not that she suffered harm. You may not simply award damages for any harm suffered by the plaintiff – you must award damages only for the harm that is a proximate result of defendant's conduct that violated the plaintiff's federal rights and that was the result of an official policy or custom.

The plaintiff seeks compensatory damages for embarrassment, humiliation, and mental anguish. She does not seek damages for any physical injuries or psychological conditions caused by the search. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

The plaintiff also seeks property damages. If you find that plaintiff has failed to prove that it is more likely than not that she suffered any actual damages, then you must return an award of nominal damages in the sum of one dollar.

Record your award of damages on the Verdict Form, sign the Verdict Form and notify the Court Officer that you have reached a verdict.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion, if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select someone to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue on which you unanimously agree. The foreperson will then date the form and sign it with his or her name and jury number. You will then return to the courtroom with your verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-338-H

SHARON RAMAGE                                                      PLAINTIFF

V.

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                                   DEFENDANT

## VERDICT FORM

We, the jury, find for:

Plaintiff _____          Defendant _____

_____

We award damages for the plaintiff as follows:

Compensatory Damages                    $_____

Property Damages                        $_____

Nominal Damages                         $_____


                                   _____
                                   FOREPERSON
                                   JUROR NO. _____
                                   DATE: _____